**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 12-20083-15- KHV** |
| **SIMON ANDREW TYSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion To Withdraw As Counsel Of Record For Defendant Simon Tyson (Doc. #90) filed June 19, 2012 by Clinton W. Lee, defendant's court-appointed lawyer, and the government's Motion For Determination Of Conflict (Doc. #167) filed July 2, 2012. The government asks the Court to disqualify defendant's retained lawyer, Carl Cornwell, because he represented a codefendant in an unrelated case more than ten years ago. On July 30, 2012, the Court held a hearing on the motion. Because no actual or serious potential for conflict exists, the Court overrules the government's motion. Accordingly, the Court sustains Lee's motion to withdraw.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." U.S. Const. am. VI. It includes the "right to representation that is free from conflicts of interest," Wood v. Georgia, 450 U.S. 261, 271 (1981), and it carries a "presumption in favor of counsel of choice," Wheat v. United States, 486 U.S. 153, 160 (1988). The right to retain counsel of choice stems from defendant's right to decide what kind of defense he wishes to present. United States v. Nichols, 841 F.2d 1485, 1502 (10th Cir. 1988).

"Attorneys are not fungible"; often "the most important decision a defendant makes in shaping his defense is his selection of an attorney." United States v. Collins, 920 F.2d 619, 625 (10th Cir. 1990) (quoting United States v. Laura, 607 F.2d 52, 56 (3d Cir. 1979)); see also Nichols, 841 F.2d at 1502. When a defendant is financially able to retain counsel, the choice of counsel rests in his hands, not in the hands of the government. See Collins, 920 F.2d at 625.

Defendant's right to retain counsel of his choice, however, is not absolute. United States v. Gipson, 693 F.2d 109, 111 (10th Cir. 1982). The "essential aim" of the Sixth Amendment "is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat, 486 U.S. at 159. Even if defendant has waived the right to conflict-free representation, the presumption in favor of defendant's counsel of choice "may be overcome not only by a demonstration of actual conflict but by showing of a serious potential for conflict." Id. at 163-64.

The Court has an independent interest in investigating potential conflicts. Id. at 161. It retains "substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." Id. at 163. A conflict may arise by "successive representation," that is, where a defendant's attorney has previously represented a codefendant or trial witness. Church v. Sullivan, 942 F.2d 1501, 1510 (10th Cir. 1991); United States v. Winkle, 722 F.2d 605, 610 (10th Cir. 1983). For example, "an actual conflict would arise where defense counsel is unable to cross-examine a Government witness effectively because the attorney also represented the witness." Winkle, 722 F.2d at 610. In such a situation an attorney faces "dual risks of improperly using privileged communications from the previous representation or, by protecting those communications, failing

effectively to cross-examine the witness as his present client's interest required." United States v. Williams, 81 F.3d 1321, 1324-25 (4th Cir. 1996) (citing United States v. Ross, 33 F.3d 1507, 1523 (11th Cir. 1994)).

In determining whether successive representation poses a serious potential for conflict, courts look to the relationship between the former and present clients and cases. See, e.g., United States v. Bowie, 892 F.2d 1494, 1501 (10th Cir. 1990) ("[I]n cases in which defense counsel actually represented [a] government witness in [a] prior case, the conflict-of-interest claim can only succeed if there is a substantial and particular relationship between the two cases."); In re Am. Airlines, Inc., 972 F.2d 605, 614-15 (5th Cir. 1992) (disqualification required upon showing "substantial relationship between past and current representations"); United States v. DiTommaso, 817 F.2d 201, 219 (2d Cir. 1987) (disqualification warranted where "substantial relationship" exists between subject matter of prior representation and issues raised in present lawsuit). Where the relationship between present and former clients and cases does not pose a serious risk of conflict, defendant is entitled to his counsel of choice. See Bowie, 892 F.2d at 1501; see also United States v. Hunt, 62 Fed. Appx. 272, 277 (10th Cir. 2003); United States v. Trujillo, 302 F. Supp.2d 1239, 1248 n.16 (D. Kan. 2004) (possibility of conflict of interest insufficient to justify disqualification of defendant's attorney of choice; disqualification should be based on at least a probability of conflict rather than mere possibility); United States v. Renda, 669 F. Supp. 1544, 1547 (D. Kan. 1987) ("Only in unique circumstances can a court disqualify counsel over the defendants' objection when the sole basis for disqualification is a potential for a conflict of interest of which both defendants are aware."). The Court need not disqualify defendant's counsel where the "the likelihood and severity of the conflict are minimal compared to the defendant's interest in obtaining counsel of choice." Nichols, 841 F.2d at 1503. Thus a "collateral" potential conflict "relevant only to witness credibility does not [require

disqualification]." Bowie, 892 F.2d at 1501.

Here, the parties agree that no actual conflict exists at this time. But the government contends that a potential conflict exists because Cornwell represented Pollard in an unrelated drug conspiracy case ten years ago. On this record, the potential for an actual conflict to arise in this case seems extremely remote. And importantly, both Tyson and Pollard have knowingly and voluntarily waived any potential conflict that may arise. See Renda, 669 F. Supp. at 1547.

The question, then, is whether the Court should refuse the waivers and deprive Tyson of his counsel of choice. The government has proffered that Tyson and Pollard, though codefendants, are not directly related in the charged conspiracy. They both supposedly had the same marijuana dealer – Peter Park – but did not know each other before they were charged in this case. More importantly, there appears to be no connection between Pollard's previous case and this one (except for the fact that they are both large drug conspiracies), and Cornwell has no real recollection of Pollard's case. Thus the "dual risks of improperly using privileged communications from the previous representation or, by protecting those communications, failing effectively to cross-examine the witness as his present client's interest required," Williams, 81 F.3d at 1324-25, are minimal.

There may be some risk of an actual conflict arising, but such an unlikely possibility is insufficient to justify disqualification of Tyson's attorney of choice. See Trujillo, 302 F. Supp.2d at 1248 n.16. Where, as here, "the likelihood and severity of the conflict are minimal compared to the defendant's interest in obtaining counsel of choice," the Court need not disqualify defendant's counsel. Nichols, 841 F.2d at 1503; see also Bowie, 892 F.2d at 1501.

On this record, the government has not shown that an actual or serious potential for conflict exists that would justify disqualifying Tyson's counsel of choice. Because Cornwell may remain Tyson's lawyer, the Court sustains Lee's motion to withdraw.

**IT IS THEREFORE ORDERED** that the government's Motion For Determination Of Conflict (Doc. #167) filed July 2, 2012, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Clinton W. Lee's Motion To Withdraw As Counsel Of Record For Defendant Simon Tyson (Doc. #90) filed June 19, 2012, be and hereby is **SUSTAINED**.

Dated this 31st day of July, 2012 at Kansas City, Kansas.

s/ Beth Phillips
Beth Phillips
United States District Judge