# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20083-15-KHV |
| SIMON ANDREW TYSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Review Detention Order (Doc. #187) filed July 11, 2012. On July 30, 2012, the Court held a hearing on the motion. Based on the factors discussed below, the Court finds that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of any other person and the community. Defendant should therefore be detained pending trial.

## Procedural Background

A grand jury charged Simon Andrew Tyson and some 35 other defendants with conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine and 1,000 kilograms or more of marijuana, and with conspiracy to maintain drug-involved premises in Kansas, Missouri, and California. See Sealed Indictment (Doc. #192) filed July 11, 2012, Count 1. Defendant is also charged with using a cellular telephone in committing, causing, and facilitating the offence in Count 1. See id., Count 65. Under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and (b)(1)(A)(iii), the conspiracy charge in Count 1 carries a statutory mandatory minimum term of imprisonment of ten years and a maximum term of life, with a presumption of detention. See 18 U.S.C. § 3142(e)(3)(A). On June 20, 2012, United States

Magistrate Judge James P. O'Hara held a detention hearing and ordered defendant detained under 18 U.S.C. §§ 3142(e) & (I). Defendant seeks review of the detention order.

**Standard of Review**

A defendant may seek review of a magistrate judge's order of release under 18 U.S.C. § 3145(b). The district court reviews de novo a magistrate judge's order of release or detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own de novo determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A de novo evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See Torres, 929 F.2d at 291. The Court also may incorporate the record of the proceedings conducted by the magistrate judge, including the exhibits he admitted. Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 257 (W.D. Pa. 1994).

**Standards For Detention**

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination,

the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Where there is probable cause to believe defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Once the government invokes this presumption, defendant bears the burden of producing some evidence to rebut the presumption. See United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991). Even if defendant meets this burden, the Court is free to consider the presumption as a factor in determining whether to release or detain defendant. Id. at 1355; see United States v. Frater, 356 Fed. Appx. 133, 135 (10th Cir. 2009).

The government carries the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other

persons and the community.  Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government).  The government must show by a preponderance of the evidence that defendant presents a serious flight risk.  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  Id. at 1252.

## Analysis

Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 18 U.S.C. § 801 et seq.  Accordingly, a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(A).  Judge O'Hara found that defendant had rebutted this presumption.  Assuming defendant has rebutted the presumption, the Court nevertheless finds that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of any other person and the community.  See Stricklin, 932 F.2d at 1354-55 (even if defendant rebuts presumption it remains a factor for consideration in determining whether to release or detain).

**I.    Nature And Circumstances Of The Offenses**

The charged offenses involve conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine and 1,000 kilograms or more of marijuana, and conspiracy to maintain drug-involved premises.  The nature and circumstances of the offense weigh in favor of detention.

**II.   Weight Of The Evidence**

The government has proffered that defendant was directly involved in the distribution of

large quantities of high-grade marijuana, that surveillance video shows defendant obtaining drugs from codefendant Peter Park on several occasions, and that on each occasion defendant would obtain multiple pounds of marijuana. When executing a search warrant of defendant's residence, officers found $30,000 to $35,000 in cash in the pocket of a coat in defendant's closet, a small quantity of marijuana packaged for distribution, several scales with marijuana residue, a marijuana grinder, and eight cell phones. The weight of the evidence favors detention.

### III. History And Characteristics Of Defendant

Defendant is 27 years old. He has never been married and has no children. Defendant is a Canadian citizen legally residing in the United States. If he is convicted of a felony offense, he may be removable under the Immigration and Naturalization Act. Defendant has an expired Canadian passport at his mother's house. His mother, Rosemary Tyson, mailed the passport to Canada for renewal but has not received the renewed passport yet.

Defendant came to the United States when he was 12. He has lived in Kansas City, Missouri for 15 years. His mother resides in Overland Park, Kansas. She is a psychiatrist and works for the State of Missouri running a methadone clinic. Defendant's father resides in Trinidad. Defendant has one brother, Steven Tyson, who resides in Overland Park, Kansas and is employed in customer service. Defendant maintains a close relationship with his mother and brother. He has not seen his father since he was 12. If released, defendant could temporarily reside with his mother in Overland Park, Kansas.

Defendant has a job working at a boxing club making $1,200 a month. He has a substance abuse problem; defendant uses cannabinoids weekly. At the time of the charged offenses, defendant was on probation in a Kansas City, Missouri DUI case and on diversion in a Mission, Kansas

possession of marijuana case.

In December of 2011, Kansas City, Missouri police officers questioned defendant at his apartment after smelling a strong odor of marijuana coming from within. Defendant then jumped off his balcony attempting to flee with two large bags of marijuana. Officers caught defendant and arrested him. The case is still pending.

Although defendant has strong ties to the Kansas City area he clearly has not shown that he is capable of complying with conditions of release.

**IV.    Danger To The Community**

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Here, defendant is charged with being a member of a large drug conspiracy. The evidence indicates that he dealt large volumes of marijuana. The Court finds by clear and convincing evidence that defendant is a danger to the community.

**V.    Balance Of Factors**

As noted, defendant's strong family ties to Kansas City area weigh in favor of release. But this factor is far outweighed by the other factors discussed above, which indicate that defendant is not likely to comply with conditions of release set by the Court. On balance, based on the evidence proffered at the July 30, 2012 hearing and the June 20, 2012 detention hearing before Judge O'Hara, including the pretrial services report, the Court concludes that defendant poses a danger to the community and that no set of conditions of release will reasonably assure his appearance as required and the safety of the community.

**IT IS THEREFORE ORDERED** that defendant's Motion To Review Detention Order

(Doc. #187) filed July 11, 2012 be and hereby is **OVERRULED**. Defendant Simon Andrew Tyson shall remain in custody pending trial.

Dated this 31st day of July, 2012 at Kansas City, Kansas.

s/ Beth Phillips
Beth Phillips
United States District Judge